Hortense W. Gabel, J.
This matter is before me for assessment of damages.
Plaintiff who was in the mail order clothing business had ordered 100,000 catalogues from a printing firm in Hong Kong for which he paid $2,896 together with ocean freight charges of $164.59. The catalogues were shipped by the defendant Barber Stéamship Lines, Inc., to New York, via ocean freight in the spring of 1971 and were scheduled for distribution by September 15, 1971 in order to reach the Christmas trade.
They arrived in New York on August 19, 1971 and plaintiff was notified on August 27, 1971. When plaintiff examined the cartons containing the catalogues he found them totally saturated with oil, and useless and valueless.
Plaintiff moved for summary judgment. The motion was granted as to liability and referred to me for damage assessment.
The sole issue to be determined is the measure of damages. Plaintiff argues that replacement costs in New York which were in excess of $10,000 should be the standard. Defendant argues that Hong Kong costs together with the. freight charges should be the measure of recovery.
It is true that the general measure of recovery is the value of the material at the point of delivery (St. Johns Corp. v. Companhia Geral, 263 U. S. 119, 125 [1923]; see, also, Longley, Common Carriage of Cargo [1st ed., 1967], § 18.01, p. 207), but such a standard can only be applicable when an objective value can be ascertained. (See Illinois Cent. R. R. Co. v. Crail, 281 U. S. 57, 63 [1930]; United States v. Palmer and Parker Co., 61 F. 2d 455, 459 [C. A., 1st Cir., 1932].)
Examination of the catalogues, a copy of which is in evidence, indicates that only the plaintiff could have had any use for them. Because of the seasonal nature of the items described, the catalogues were solely a tool with which the plaintiff could solicit business during the 1971 Christmas season. Hence, no market value was proved and resort must therefore be had to the pecuniary loss suffered.
Plaintiff testified he has not replaced the catalogues and any effort to do so at any time after September 15, 1971 would have been a waste of time since the catalogues would then be worthless. Had they been replaced in New York between August 27 and September 15 plaintiff might well have been entitled to recovery of the larger sum. Having failed to do this his recovery must be limited to $3,060.59, with interest from August 19, 1971. Judgment accordingly.